UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUAN MINH HUYNH (A#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),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-04653-TLN-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The undisputed record in this case demonstrates that Petitioner was born in Vietnam and lawfully entered the United States on July 10, 1992 as a lawful permanent resident. ECF No. 13-2 at 1 (I-213). Based on subsequent criminal convictions, an immigration judge ordered Petitioner removed to Vietnam on June 5, 2003.[1] ECF No. 13-3. Petitioner was subsequently released from immigration custody on an Order of Supervision ("OSUP") after immigration officials were unable to effectuate his removal to Vietnam.

[1] Both parties waived their right to appeal this removal order thus rendering it administratively final on the date it was signed.

When reporting to a routine OSUP check-in on **November 6, 2025**, Petitioner was arrested and re-detained by ICE. ECF No. 13-7. At that time, Petitioner was served with a Notice of Revocation of Release based on his "recent criminal history and [] failure to follow the conditions set forth" in his order of supervision. ECF No. 13-8.

His habeas petition challenges his post-final order of removal detention on the basis that it violates due process because there is no significant likelihood of his removal in the foreseeable future.[2] ECF No. 1 at 5-6.

Respondents filed a motion to dismiss on June 25, 2026, arguing that the habeas petition filed in this Court should be dismissed because Petitioner filed an earlier § 2241 petition in the Middle District of Florida raising the same claims. ECF No. 9. On July 15, 2026, Petitioner lodged a copy of the order dismissing Petitioner's § 2241 petition in the Middle District of Florida. ECF No. 11 at 4. Therefore, Respondents' motion to dismiss should be denied, as there are no longer two pending petitions.

On the merits, Respondents contend that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6) and that his removal to Vietnam is foreseeable because DHS's Enforcement and Removal Operations ("ERO") "has had greatly improved success in acquiring travel documents and effectuating removals to Vietnam since September 2025 and are approaching Petitioner's removal by seeking a travel document for him." ECF No. 14 at 3. As of June 15, 2026, the Bakersfield office of ERO "intends to prepare a travel document request" to effectuate Petitioner's removal to Vietnam.[3] ECF No. 13 at 5. Petitioner was also served with a Notice of Removal to Mexico as a "possible third country removal" on May 27, 2026 ECF No. 13 at 4 (Declaration of Deportation Officer Joshua Manglona); ECF No. 13-12.

---

[2] In the interests of judicial economy and based on the recommended relief, these Findings and Recommendations do not address the remaining claims in the § 2241 petition.

[3] Numerous courts, including in this district, have recently held that a request for travel documents from Vietnam, standing alone, is insufficient to show a "significant likelihood" of removal under 8 C.F.R. § 241.13(i)(2). See Nguyen, 2025 WL 3492117, at *4 (collecting cases); Hoac v. Becerra, No. 2:25-cv-1740 DC JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("Respondents have not provided any details about why a travel document could not be obtained in the past, nor have they attempted to show why obtaining a travel document is more likely this time around.").

**II. Analysis**

Here, an IJ ordered petitioner removed to Vietnam on June 5, 2003. Given that the 90-day mandatory detention period ended in 2003, Petitioner's current detention is governed by § 1231(a)(6).

Consistent with the Court's prior ruling in Nguyen v. Andrews, No. 1:26-cv-00015-DAD-SCR, 2026 WL 263058 (E.D. Cal. Feb. 2, 2026), adopted by 2026 WL 412183 (Feb. 13 2026), the undersigned concludes that Petitioner's detention violates due process under Zadvydas v. Davis, 533 U.S. 678 (2001), since his post-final order detention exceeds six months and because Respondents' generic evidence does not rebut Petitioner's showing that there is no significant likelihood of his removal to Vietnam or Mexico in the reasonably foreseeable future. See also Nguyen v. Scott, No. 2:25-cv-1398, 2025 WL 2165995, at *8 (W.D. Wash. July 30, 2025); Phan v. Warden of Otay Mesa Det. Facility, No. 25-cv-2369 AJB BLM, 2025 WL 3141205, at *4 (S.D. Cal. Nov. 10, 2025) ("[E]vidence that Respondents have successfully removed other Vietnamese citizens is insufficient to demonstrate a significant likelihood that Petitioner will receive a travel document.") (emphasis in original). Accordingly, Petitioner is entitled to habeas relief and the undersigned recommends ordering Petitioner's immediate release on his previously imposed conditions of supervision. See Zadvydas, 533 U.S. at 699–700; 8 U.S.C. § 1231(a)(3); 8 C.F.R. § 241.5 (conditions for release after removal period).

Accordingly, IT IS HEREBY RECOMMENDED that

1. Respondents' motion to dismiss (ECF No. 9) be denied as moot.

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the due process claim only.

3. Respondents be ordered to immediately release Petitioner Tuan Minh Huynh (A# 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) under the conditions of supervision that were in effect prior to his re-detention on November 6, 2025.

4. At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

5. Respondents be ordered to file a Notice of Compliance within three days of any final

order of release entered in this case confirming that Petitioner has been released from custody. Such notice shall note the exact terms of petitioner's ongoing conditions of supervision.

6. The Clerk is directed to serve the California City Detention Facility with any order for release.

7. Respondents shall not seek to revoke Petitioner's supervision unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i), any other applicable statutes and regulations based on a change of circumstances, and the requirements of due process.

8. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE